UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
VICTORIA DIVISION

| | |
|---|---|
| JOE PENA, JR. § | |
| § | |
| Petitioner, § | |
| § | CRIMINAL ACTION NO. V-01-108-1 |
| v. § | |
| § | CIVIL ACTION NO. V-04-106 |
| UNITED STATES OF AMERICA, § | |
| § | |
| Respondent. § | |

**MEMORANDUM OPINION AND ORDER**

Pending before the Court is Petitioner Joe Pena's ("Pena") Motion Pursuant to 28 U.S.C. § 2255 to Vacate, Set Aside, or Correct a Sentence of a Person in Federal Custody (Dkt. #569). For the reasons set forth herein, Pena's § 2255 motion is DENIED.

**Facts and Procedural History**

On December 20, 2001, the Government filed a three count indictment against Pena and eight other co-defendants. (Dkt. #1)  The indictment charged Pena with conspiracy to conduct a racketeering enterprise in violation of 18 U.S.C. § 1962(d) and conducting a racketeering enterprise in violation of 18 U.S.C. § 1962(c).  *Id.*  In return for a plea of guilty to count two of the indictment, the government agreed to move to dismiss count one charging Pena with conspiracy to conduct a racketeering enterprise.  (Dkt. #292)  The government also agreed to recommend that Pena receive a three level credit for acceptance of responsibility and a sentence at the lowest end of the applicable guideline range.  In exchange for substantial assistance and cooperation, the government additionally agreed to recommend a reduction in sentence, with 276 months being its most favorable

recommendation. *Id.* The Court accepted Pena's guilty plea on December 13, 2002.[1] *Id.* The Court sentenced Pena on November 17, 2003, and issued judgment on November 24, 2003. (Dkt. #s 504, 511) Although the statutory and guideline maximum for Pena's crime was life imprisonment, the Court accepted the government's recommendation for a reduction and sentenced Pena to 276 months. Pena failed to file an appeal and his conviction became final on December 8, 2003. *See* FED. R. APP. P. 4(b)(1)(A)(i) (if no appeal is taken, a conviction is final ten days following the entry of the judgment of conviction). Pena filed the pending motion on November 17, 2004. (Dkt. #569) The government has not been ordered to file a response to Pena's motion.

Pena makes the following allegations in his motion to vacate:

(1)  Pursuant to U.S.S.G. § 3B1.1(a), 4 points were erroneously added because it was alleged he was the leader or organizer of a criminal activity that involves 5 or more participants. *See* PSI, p. 18, ¶¶ 63, 68 and 73. The enhancement issue should have been submitted to a jury under *Blakely v. Washington*.

(2)  Three points were erroneously added to his prior criminal history because the defendant was 15 at the time of this conviction. The existence of prior convictions is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 20, ¶ 92.

(3)  Alleged conviction of Evading Arrest should not have been considered in enhancing defendant's sentence. The existence of prior convictions is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 21, ¶ 93.

(4)  Alleged conviction of Unlawfully Carrying a Weapon should not have been considered in enhancing defendant's sentence. The existence of prior convictions is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 21, ¶ 95.

---

[1] Pena ultimately plead guilty to one count of conducting a racketeering enterprise, which included the underlying crimes of murder and conspiracy to distribute more than five kilograms of cocaine.

    (5)    Three criminal history points were added erroneously because of alleged convictions for Possession of Marijuana and for Possession of a Controlled Substance. The existence of prior convictions is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 22, ¶ 96.

    (6)    Two points were erroneously added to his criminal history based on a mere assertion that he was on parole on three state convictions at the time he committed this crime. The fact that he was on parole is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 22, ¶ 98.

    (7)    One point was erroneously added due to an assertion that the instant offense was committed less than two years following the defendant's release from custody on three state convictions. The existence of this fact is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. *See* PSI, p. 23, ¶ 99.

Pena maintains as to all the enhancement factors that he did not admit these facts or waive a jury trial in connection with these facts. (Dkt. #569)

**Discussion**

In his first ground, Pena contends that the sentence imposed by the Court is unconstitutional in light of *Blakely v. Washington*, 542 U.S. 296 (2004). *Blakely* held that, in the context of mandatory state sentencing guidelines, the Sixth Amendment right to a jury trial prohibits judges from enhancing criminal sentences based on facts other than those decided by the jury or admitted by the defendant. *Id.* at 313-14 (relying on *Apprendi v. New Jersey*, 530 U.S. 466 (2000)). The year following *Blakely*, in *United States v. Booker*, a majority of the Supreme Court extended to the federal sentencing guidelines the rule that pursuant to the Sixth Amendment, any fact, other than the fact of a prior conviction, "which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *United States v. Booker*, 543 U.S. 220,

244 (2005).[2] Pena argues that his sentence must be reduced because *Blakely* made unconstitutional this Court's use of his leadership role in the offense in enhancing his sentence when these findings were not found by a jury or admitted by the defendant.

First, Pena has admitted to his leadership role in the racketeering enterprise.[3] Further, the Court's sentence does not implicate *Blakely* because his sentence did not exceed the statutory maximum–life in prison.[4] *United States v. Lewis*, 476 F.3d 369, 391 (5th Cir. 2007). Finally, Pena's *Blakely* argument does not apply to Pena's challenges to his sentence because it does not apply retroactively. A federal prisoner may take advantage of newly recognized right only if it is made applicable retroactively to cases on collateral review. *Id.* at 358. The Fifth Circuit has ruled that the *Booker* line of cases is not retroactive on collateral review for purposes of post-conviction relief under § 2255. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005) ("*Booker* does not apply retroactively to initial § 2255 motions. . . we hold that *Booker* does not apply retroactively"). That is, prisoners challenging judgments that became final before January 12, 2005, may not claim relief pursuant to *Booker*. Because Pena's conviction became final on December 8, 2003, the rule announced in *Booker* does not apply. Accordingly, Pena's argument that his sentence should have

---

[2] A different majority of the Court then excised certain statutory provisions that made the federal guidelines mandatory, thereby rendering the guidelines advisory only. *Booker*, 543 U.S. at 222.

[3] *See* Dkt. #565, p. 26–27. Referring to the factual summary sheet prepared by the government, Pena stated that he agrees with the factual summary portions involving the conspiracy to possess with intent to distribute more than five kilos of cocaine and the murder of Jason Ramos. Pena further states that he has no other questions or disagreements with the factual summary. *See also* Dkt. #566, p. 4. Pena's attorney also explained that "Shane was the leader at the time that the order was given to kill Alphonso Sanchez. Then he came out of–or out of that position, and Mr. Pena was then thrust[ ] into the position of being the leader of the Mexican Mafia at that time."

[4] *See* Dkt. #565, p. 19.

been reduced based on *Blakely* and/or *Booker* is without merit.

In grounds two through five, Pena also challenges the points added to his criminal history computation based on past convictions. He first argues that his first conviction committed at the age of 15 should not be considered because he was a juvenile. However, he was certified as an adult in that case. Thus, under the U.S.S.G. § 4A1.2(d)(1), it was appropriate for the Court to add three points for that conviction. Pena additionally seems to argue that all his prior convictions are factual findings required to be submitted to a jury under *Blakely*/*Booker*. Specifically, Pena contends that "the existence of prior convictions is not meaningfully distinguishable from any other factual finding necessary to increase a defendant's sentence beyond the otherwise applicable guideline maximum. Sentencing enhancements of this type should be authorized by jury verdict and must be proven beyond a reasonable doubt unless the defendant has filed a Waiver of Jury Trial on this issue." Dkt. #569, pp. 5–6. *Booker* established that "[a]ny fact (*other than a prior conviction*) which is necessary to support a sentence exceeding the maximum authorized by the facts established by a plea of guilty or a jury verdict must be admitted by the defendant or proved to a jury beyond a reasonable doubt." *Booker*, 543 U.S. at 243–44 (emphasis added). Pena's complaints that his prior convictions were used to enhance his sentence are without merit because *Booker* specifically excludes prior convictions as a fact that must be admitted or proved to a jury. In other words, the *Booker* rule does not apply to enhancements based on prior criminal convictions. *See United States v. Guevara*, 408 F.3d 252, 261 (5th Cir. 2005) (finding prior convictions are a question of law). Therefore, the Court did not err in enhancing Pena's sentence based on his prior convictions.

Pena's final two grounds for challenging his sentence are also without merit. It is undisputed that Pena's parole from his prior convictions did not expire until March 30, 2003 and the instant

offenses were committed within two years following Pena's release from custody in May 1997. Further, *Booker/Blakely* objections do not apply to sentences imposed within the prescribed statutory maximum and do not apply retroactively to convictions that became final prior to January 12, 2005. *United States v. Gentry*, 432 F.3d 600, 604 (5th Cir. 2005).

## Certificate of Appealability

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability" ("COA"). 28 U.S.C. § 2253(c)(1)(A). Although Pena has not yet filed a notice of appeal, the Court nonetheless addresses whether he would be entitled to a COA. *See Alexander v. Johnson*, 211 F.3d 895, 898 (5th Cir. 2000) (a district court may *sua sponte* rule on a COA because "the district court that denies a petitioner relief is in the best position to determine whether the petitioner has made a substantial showing of a denial of a constitutional right on the issues before that court. Further briefing and argument on the very issues the court has just ruled on would be repetitious.").

A COA "may issue . . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further.

*United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484.

The Court concludes that reasonable jurists could not debate the denial of Pena's § 2255 motion on substantive grounds nor find that the issues presented are adequate to deserve encouragement to proceed further. *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003) (citing *Slack*, 529 U.S. at 484). Accordingly, Pena is not entitled to a COA as to any of his claims.

## Conclusion

For the foregoing reasons, Pena's 28 U.S.C. § 2255 Motion to Vacate Sentence (Dkt. #569) is DENIED. The Court also DENIES Pena a Certificate of Appealability.

It is so ORDERED.

SIGNED this 17th day of December, 2007.

JOHN D. RAINEY
UNITED STATES DISTRICT JUDGE